FILED

2013 Jun-14  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
BIRMINGHAM DIVISION

ROGER ROBERTS,                     )
                                   )
         Plaintiff,                )
                                   )
v.                                 )          CIVIL ACTION
                                   )       NO. 2:12-cv-2695-JHH
NORFOLK SOUTHERN RAILWAY           )
COMPANY,                           )
                                   )
         Defendant.                )

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Norfolk Southern Railway Company ("Defendant") respectfully files the following Answer and Affirmative Defenses to the Second Amended Complaint filed by Plaintiff Roger Roberts.

## COUNT I

1.     Responding to Paragraph 1 of Count I of the Second Amended Complaint, Defendant admits only that Plaintiff brings this action under the federal statute he invokes, but Defendant denies that any violation has occurred with respect to Plaintiff and denies that any other cause exists for invoking such statute.

2.     Defendant denies the allegations of Paragraph 2 of Count I of the Second Amended Complaint.

{B0566119.1}

3.    Defendant admits that it is a wholly owned subsidiary of Norfolk Southern Corporation and that it employed Plaintiff until it dismissed him from such employment.

4.    Defendant admits the allegations of Paragraph 4 of Count I of the Second Amended Complaint.

5.    Responding to Paragraph 5 of Count I of the Second Amended Complaint, Defendant admits only that it is engaged in interstate commerce and that it previously employed Plaintiff in furtherance of such commerce.  Defendant denies the remaining allegations of Paragraph 5 of Count I of the Second Amended Complaint.

6.    Responding to Paragraph 6 of Count I of the Second Amended Complaint, Defendant admits only that, between September 2010 and the present, Defendant has charged Plaintiff with infractions of its operating rules and other policies such as (a) tampering with a locomotive-mounted safety device and knowingly operating a train with an unauthorized disabled safety device, and (b) providing and/or submitting false information and a falsified version of a locomotive inspection report in connection with a matter then under investigation by Defendant.  Defendant further admits that it has imposed discipline on Plaintiff when such charges were found to be substantiated, and that the discipline imposed

upon Plaintiff for those infractions included termination of employment. Defendant also admits that, as required by federal rail safety regulations, it revoked Plaintiff's engineer certification.  Defendant denies the remaining allegations of Paragraph 6 of Count I of the Second Amended Complaint.

7.     Defendant denies the allegations of Paragraph 7 of Count I of the Second Amended Complaint.

8.     Responding to Paragraph 8 of Count I of the Second Amended Complaint, Defendant admits only that The United Transportation Union ("UTU") represents the conductors, switchmen, hostlers, and yardmasters in the railroad industry.  The Brotherhood of Locomotive Engineers and Trainmen ("BLET") is the bargaining representative for the class and craft of engineers of Defendant, however, officials of either the BLET or UTU may represent engineers in disciplinary investigations.  With respect to the union positions, Defendant is without sufficient information regarding positions Plaintiff might have held, or continues to hold, with the UTU.  Defendant denies the remaining allegations of Paragraph 8 of Count I of the Second Amended Complaint.

9.     Responding to Paragraph 9 of Count I of the Second Amended Complaint, Defendant admits only that Plaintiff filed oral and written claims of retaliation with OSHA, that more than 210 days have passed since Plaintiff filed

the first such claim, and that Plaintiff notified OSHA of his intention to move his claim to federal court. Defendant denies the remaining allegations of Paragraph 9 of Count I of the Second Amended Complaint.

## COUNT II

## NATURE OF ACTION

1.      Responding to Paragraph 1 of Count II of the Second Amended Complaint, Defendant admits only that Plaintiff brings this action under the federal statute he invokes, but Defendant denies that any violation has occurred with respect to Plaintiff and denies that any other cause exists for invoking such statute.

2.      Defendant denies the allegations of Paragraph 2 of Count II of the Second Amended Complaint.

3.      Defendant admits that it is a wholly owned subsidiary of Norfolk Southern Corporation and that it employed Plaintiff until it dismissed him from such employment.

4.      Defendant admits the allegations of the first sentence of Paragraph 4 of Count II of the Second Amended Complaint.  Responding to the second sentence, Defendant admits only that it is engaged in interstate commerce and that it previously employed Plaintiff in furtherance of such commerce.  Defendant

denies the remaining allegations of Paragraph 4 of Count II of the Second Amended Complaint.

5.    Responding to Paragraph 5 of Count II of the Second Amended Complaint, Defendant NSRC admits only that, between September 2010 and the present, Defendant NSRC has charged Plaintiff with infractions of its operating rules and other policies such as (a) tampering with a locomotive-mounted safety device and knowingly operating a train with an unauthorized disabled safety device, and (b) providing and/or submitting false information and a falsified version of a locomotive inspection report in connection with a matter then under investigation by Defendant.   Defendant further admits that it has imposed discipline on Plaintiff when such charges were found to be substantiated, and that the discipline imposed upon Plaintiff for those infractions included termination of employment.   Defendant also admits that, as required by federal rail safety regulations, it revoked Plaintiff's engineer certification.   Defendant denies the remaining allegations of Paragraph 5 of Count II of the Second Amended Complaint.

6.    Defendant admits the first sentence of Paragraph 6 of Count II of the Second Amended Complaint.   Defendant lacks knowledge or information sufficient to form a belief as to when Plaintiff filed "another whistleblower

complaint" with OSHA, as alleged in the second sentence of Paragraph 6, but Defendant admits, on information and belief, that such second whistleblower complaint had been filed with OSHA by December 18, 2012.  Responding to the third and fourth sentences of Paragraph 6 of the Second Amended Complaint, Defendant admits only that the subject matter of Plaintiff's second OSHA complaint (a) grew out of the circumstances giving rise to Plaintiff's first OSHA complaint and his original and First Amended Complaints filed in this action; (b) that OSHA dismissed his second OSHA complaint because of that relatedness and because of the pendency of this action; and (c) the subject matter of both Plaintiff's first and second OSHA complaints are properly joined in this action.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 6 of the Second Amended Complaint.

7.      Defendant denies the allegations of Paragraph 7 of Count II of the Second Amended Complaint.

8.      Responding to Paragraph 8 of Count II of the Second Amended Complaint, Defendant admits only that The United Transportation Union ("UTU") represents the conductors, switchmen, hostlers, and yardmasters in the railroad industry.  The Brotherhood of Locomotive Engineers and Trainmen ("BLET") is the bargaining representative for the class and craft of engineers of Defendant,

however, officials of either the BLET or UTU may represent engineers in disciplinary investigations.  With respect to the union positions, Defendant is without sufficient information regarding positions Plaintiff might have held, or continues to hold, with the UTU.  Defendant denies the remaining allegations of Paragraph 8 of Count II of the Second Amended Complaint.

9.      Defendant denies the allegations of Paragraph 9 of Count II of the Second Amended Complaint.

Responding to the "WHEREFORE" clause following Count II of the Second Amended Complaint, Defendant denies that Plaintiff is entitled to any of the relief identified therein or to any other relief.

## DEFENDANT'S ADDITIONAL DEFENSES

### FIRST DEFENSE

To the extent that Plaintiff seeks relief for events that were never made the subject of a specific claim, or amendment to an existing claim, before the Occupational Safety and Health Administration ("OSHA"), such recovery is barred by Plaintiff's failure to exhaust administrative prerequisites to such relief.

### SECOND DEFENSE

To the extent that Plaintiff seeks relief for events that occurred more than 180 days before this action was filed, but which events were never made the

subject of a specific claim, or of an amendment to an existing claim, before OSHA,

any relief is now barred by the statute of limitations applicable thereto.

## THIRD DEFENSE

To the extent that Plaintiff seeks relief for any events occurring more than

180 days before he filed his claim with OSHA, any such relief is time-barred.

## FOURTH DEFENSE

Some or all of Plaintiff's claims may be precluded and/or preempted by the

Railway Labor Act, 45 U.S.C. § 151, *et seq.*

## FIFTH DEFENSE

Even if Plaintiff could prove an unlawfully retaliatory motive for any of his

claims, which Defendant denies, Plaintiff's claims fail in whole or in part because

Defendant would have made the same employment decisions notwithstanding any

retaliatory motive.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of laches,

estoppel, waiver, unclean hands, or his failure to mitigate the damages he claims.

## SEVENTH DEFENSE

To the extent Plaintiff seeks punitive damages, such damages are barred

because the alleged acts or omissions of Defendant fail to rise to the level required

to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff his protected rights, and are not so wanton or willful as to support an award of punitive damages.  Plaintiff has failed to state a claim for punitive damages under any law.

<u>EIGHTH DEFENSE</u>

Any award of punitive damages or vindictive damages will violate the procedural safeguards guaranteed to Defendant by the Fifth and Sixth Amendments to the United States Constitution in that such damages are penal in nature.  Consequently, Defendant is entitled to the same procedural safeguards afforded criminal defendants, including the protection from self incrimination and a burden of proof equivalent to the "beyond a reasonable doubt" standard. Plaintiff's claims for punitive and vindictive damages are consequently barred.

<u>NINTH DEFENSE</u>

To the extent, if any, to which the Secretary of Labor's delay in rendering a final decision on Plaintiff's claims extended beyond 210 days due to Plaintiff's bad faith, this Court lacks jurisdiction over the subject matter of this action.

<u>TENTH DEFENSE</u>

To the extent, if any, to which the Secretary of Labor's delay in rendering a final decision on Plaintiff's claim extended beyond 210 days due to Plaintiff's bad

faith, Plaintiff's claims against Defendant are barred by his failure to exhaust the statutory prerequisites to bringing this action in this Court.

ELEVENTH DEFENSE

Plaintiff's claim against Defendant is barred by the Election of Remedies provision of the Federal Rail Safety Act, 49 U.S.C. § 20109(f).

TWELFTH DEFENSE

Some or all of Plaintiff's claims may be barred by principles of collateral estoppel.

WHEREFORE, having fully answered Plaintiff's Amended Complaint and having pleaded its affirmative defenses, Defendant respectfully requests that this Court:

(a)     dismiss the Amended Complaint in its entirety;

(b)     enter final judgment in favor of Defendant, and against Plaintiff;

(c)     award Defendant its attorneys' fees and costs of litigation as may be appropriate under applicable law; and

(d)     award Defendant such other relief as the Court deems just and equitable.

Respectfully submitted,


*/s/ Sydney F. Frazier, Jr.*
Crawford S. McGivaren, Jr.
Alabama Bar No. ASB-8378-A54C
*csm@cabaniss.com*
Sydney F. Frazier, Jr.
Alabama Bar No. ASB-1049-R47S
*sff@cabaniss.com*
CABANISS, JOHNSTON, GARDNER,
DUMAS & O'NEAL LLP
2001 Park Place North, Suite 700
Birmingham, AL 35203-4804
Telephone:  (205) 716-5312
Facsimile:  (205) 716-5389

and

E. Scott Smith
*Georgia Bar No.* 656736
*ssmith@laborlawyers.com*
Anderson B. Scott
Georgia Bar No. 631940
*ascott@laborlawyers.com*
FISHER & PHILLIPS LLP
1075 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30309
Telephone:  (404) 231-1400
Facsimile:  (404) 240-4249

ATTORNEYS FOR DEFENDANT

{B0566119.1}

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this 14th day of June, 2013, I filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following individuals:

              Lawrence M. Mann, Esq.
              Alper & Mann, P.C.
              9205 Redwood Avenue
              Bethesda, MD  20817

              Michael D. Blalock, Esq.
              Blalock & Blalock, P.C.
              P.O. Box 26365
              Hoover, AL  35260

                          <u>/s/Sydney F. Frazier, Jr.</u>
                          OF COUNSEL